IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

A.G.K. SARL                    :    CIVIL ACTION
                               :
       v.                      :
                               :
A.M. TODD COMPANY, et al.      :    NO. 07-2727

MEMORANDUM

McLaughlin, J.                              August 18, 2009

        A.G.K. SARL ("AGK") filed this suit to recover damages
it claims to have suffered when Zink & Triest International
("ZTI") refused to pay for vanilla beans that AGK shipped from
the Comoros to Philadelphia.  AGK contends that the failure to
pay is a breach of a contract signed by AGK and ZTI.  In 2005,
AGK brought an arbitration against ZTI.  After withdrawing from
that arbitration in 2007, AGK filed this action against parties
that it claims are also liable on the contract directly and by
virtue of their relationship to ZTI and to one another, as well
as on other non-contract grounds.

        In August 2007, the defendants moved to dismiss the
complaint or, in the alternative, for a change of venue.  They
argued that the Court should dismiss the complaint in view of the
plaintiff's withdrawal of the 2005 arbitration against ZTI.  They
also argued that the Court lacked subject matter jurisdiction
over the dispute in the first instance because AGK's contract
with ZTI obligated AGK to arbitrate.  At that time, neither the

defendants nor the plaintiff asked the court to compel arbitration.

By memorandum opinion dated March 18, 2008, The Court decided that all six counts of the complaint fell within the scope of an arbitration clause in AGK's contract with ZTI, and that the defendants had standing to enforce that agreement against AGK.  See Docket No. 25.  Although the Court did not compel arbitration at that time, it did stay the case.

In June 2008, AGK commenced a second arbitration.  AGK then filed a petition with this Court to compel the defendants in this lawsuit to submit to that arbitration.  Defense counsel argued to the Court that the petition was premature because the defendants had not refused to go to arbitration.  On defense counsel's representation, the Court denied AGK's motion without prejudice.

At some point thereafter, the arbitral tribunal bifurcated the arbitration into two phases.  The parties have proceeded through the first phase of that arbitration.  The arbitral tribunal issued a decision on April 30, 2009, in which it decided that it had jurisdiction over two of the defendants in this case - Zink & Triest Company, Inc. ("ZTC"), and A.M. Todd Company ("AMT").  ZTC and AMT ask this Court to vacate that decision pursuant to section 10 of the Federal Arbitration Act ("FAA").  They also ask the Court to stay the next phase of the

arbitration proceedings against them, scheduled for September 14-17, 2009.  Finally, they ask the Court to transfer this case to the Southern District of New York.

The Court will deny the defendants' motion to vacate the arbitral decision without prejudice.  It will also deny the defendants' motion for a stay of the arbitration proceedings.  Although the defendants are entitled to a judicial determination of whether they can be compelled to arbitrate, the Court concludes that now is not the appropriate time for it to make such a determination.  The defendants' request to transfer the case to the Southern District of New York is also denied.

I.   Background

AGK is a vanilla bean exporting company based in the Comoros.  The defendants are ZTC, of whom ZTI is alleged to be a subsidiary, AMT, and Henry Todd, Jr. ("Todd"), an officer of ZTC and AMT.

In March 2005, AGK commenced an arbitration against ZTI, claiming that it had a contract for the sale of vanilla beans that included an arbitration clause.  AGK withdrew the arbitration proceeding in February 2007, just before the final

hearing was scheduled to occur, citing concerns that ZTI was judgment-proof and that it was a sham corporation.[1]

A few months after the arbitration proceeding terminated, the plaintiff initiated this lawsuit.  In all counts of the complaint, the plaintiff argued that the defendants should be treated as a single entity, or that ZTC's veil should be pierced to hold AMT and Todd liable.

The defendants previously moved to dismiss the case, or in the alternative, for a change of venue.  This Court determined that all matters in the suit were within the scope of an arbitration clause agreed to by AGK, but stayed, rather than dismissed, the action.  The Court did not order any party to file or to attend any arbitration proceeding.  Indeed, neither party asked the Court for any such order.  To the contrary, the plaintiff argued that the claims should proceed in federal court. The defendants, on the other hand, argued that the case should be dismissed in its entirety, or at the very least, that AGK was bound to arbitrate with ZTI.

---

[1] Prior to withdrawing the arbitration, AGK had asked the tribunal to join ZTC, AMT, and Todd as respondents in the arbitration, arguing that ZTI's corporate veil should be pierced. On July 6, 2006, the arbitrators denied AGK's request, due to the late stage of the proceedings at which the request was made.  The arbitrators suggested that AGK might bring a separate arbitration proceeding against ZTC, AMT, and Todd.  The arbitrators did not, at that time, resolve or purport to resolve any issues regarding arbitral jurisdiction over the defendants or whether the corporate veil could be pierced to hold them liable for ZTI's debts.  See Docket No. 25 at 12.

The Court agreed with the defendants that ZTI must be found liable in an arbitration proceeding before any defendant could be liable on a veil-piercing theory.  It also decided that the scope of AGK's consent to arbitrate was broad enough to cover all of its claims, even its non-contract claims, and that the defendants had standing to enforce the arbitration agreement against AGK.  See Docket No. 25 at 3.  The Court took no position, however, as to whether the defendants could be held liable in arbitration or in federal court; it also expressed no opinion as to whether the defendants could be held liable in the same arbitration in which ZTI was held liable.

AGK filed a second arbitration proceeding in June 2008, naming ZTI and the defendants in this suit as respondents.  On June 16, 2008, the plaintiff filed a petition with this Court to compel the defendants to submit to the jurisdiction of the arbitral tribunal.  The Court held a telephone conference with counsel on June 17, 2008.  At the conference, defense counsel informed the Court that the defendants had not refused to appear before the arbitral tribunal, and urged the Court not to decide AGK's petition at that time for that reason.  On the basis of defense counsel's representations, the Court denied AGK's petition without prejudice as premature on June 18, 2008.  See Docket No. 30.  To date, AGK has not filed another petition to

-5-

compel arbitration.  The defendants, however, also have not filed any motion to enjoin the arbitration.

The arbitral tribunal determined that arbitration of this case would take place in New York.  The tribunal decided to bifurcate the arbitration into "jurisdiction" and "liability" phases.  The "jurisdictional" hearing took place on February 18 and February 19, 2009.  During that hearing, the defendants took the position that the tribunal had no jurisdiction over them, as they were not signatories to the underlying contract.

On April 30, 2009, the tribunal issued a decision, which it referred to as a "partial final arbitration award." That "award" determined that the tribunal had jurisdiction over AMT and ZTC.  It rejected jurisdiction over Todd.  The tribunal stated several bases for finding jurisdiction over AMT and ZTC, under "either New York or Pennsylvania" law:  (1) that AMT and ZTC were true parties in interest; (2) that they were third-party beneficiaries; (3) that ZTI was an agent of AMT and ZTC; (4) that the doctrine of assumption by conduct applied; and (5) that AGK reasonably believed that in dealing with ZTI, it was also dealing with ZTC and AMT, and that neither defendant nor their representatives did anything "legally sufficient" to dispel this belief.  The tribunal made no finding in relation to the theory of piercing the corporate veil.

-6-

Although it did not reach the issue of piercing the corporate veil, the tribunal stated that "[t]his Partial Award is in full and complete settlement and satisfaction of any and all claims and defenses concerning the Tribunal's jurisdiction over the parties to this proceeding."  The panel concluded by stating that "this Final Award was made in New York, New York, U.S.A." See Defs.' Mot. to Vacate ("Defs.' Mot.") Ex. F at 2-3.

On May 7, 2009, the defendants asked the tribunal to stay further arbitration proceedings so that they might seek judicial review of the jurisdictional decision.  AGK objected on the basis that the decision was interlocutory and therefore not yet subject to challenge.  The arbitral tribunal denied the defendants' request for a stay on May 9, 2009, noting, however, that "the Tribunal rejects [AGK's] characterization of the Partial Award on Jurisdiction . . . as 'interlocutory,' . . . ." See Defs.' Mot. Ex. J.[2]

On May 21, 2009, AMT and ZTC filed in the Southern District of New York a motion to vacate the portion of the April 30, 2009, decision finding jurisdiction over them, as well as an emergency motion for a stay of the arbitration proceedings.  On June 9, 2009, the Honorable Paul Crotty heard oral argument on the motions.  Following argument, Judge Crotty denied the

---

[2] On June 10, 2009, the defendants asked the tribunal to reconsider this decision.  Their request was denied on June 14, 2009.

defendants' motions and dismissed the entire action with prejudice.  In doing so, he explained that the appropriate forum for seeking relief would be this Court, rather than the Southern District of New York.  Although not necessary to his decision, he also explained that the arbitrators' decision was not appealable because it was interlocutory, rather than final.  See Defs.' Mot. Ex. K at 46 (citing Michaels v. Mariforum Shipping, S.A., 624 F.2d 411, 414 (2d Cir. 1980)).[3]

On June 18, 2009, AMT and ZTC filed in this Court a motion to vacate the arbitral decision on jurisdiction.  On July 27, 2009, they also moved to stay the second phase of the arbitration proceedings against them.  In their motion to vacate, they argue that the arbitral tribunal itself has explicitly stated that its April 30, 2009, decision is final, and that the tribunal has specifically rejected the plaintiff's position that the award was interlocutory.  The defendants also argue that the Court, and not the arbitral tribunal, must decide the issue of jurisdiction in the first instance.[4]

---

[3] At oral argument before this Court on July 29, 2009, the parties informed the Court that this decision has been appealed to the United States Court of Appeals for the Second Circuit.

[4] They also argue that, under the FAA, the Southern District of New York is now the proper venue for proceedings in this matter.  Accordingly, as an alternative to vacating arbitral decision on jurisdiction, they ask the Court to transfer the action to that district.

-8-

AGK did not file an opposition to the motion to vacate. Instead, it filed a "motion to dismiss" the defendants' motion. The Court heard oral argument on these motions on July 29, 2009.

II. <u>Analysis</u>

The defendants contend that the arbitral tribunal improperly asserted jurisdiction over them.  They argue that the tribunal's April 30, 2009, decision is a final award that this Court should address and vacate on the merits.[5]  They further argue that, regardless of whether the tribunal's decision was a final award, this Court, rather than the arbitral tribunal, must decide the issue of jurisdiction.

Whether the tribunal's April 30, 2009, decision was a "final award" within the meaning of the FAA is irrelevant to the outcome of the present motion.  Regardless of whether the award was "final," as the tribunal asserted, it is the Court, rather than the arbitrators, which has the authority to decide the issue of the tribunal's jurisdiction.[6]

---

[5] The defendants also argue that the tribunal correctly decided that jurisdiction over Todd was lacking.  They ask the Court to confirm that decision.

[6] This Court is not bound by the nomenclature used by the arbitral tribunal.  Rather, as other courts have explained, it is the "content of a decision" that determines finality.  See <u>Hart Surgical, Inc. v. Ultracision, Inc.</u>, 244 F.3d 231, 233 (1st Cir. 2001); <u>Publicis Commc'n v. True N. Commc'ns, Inc.</u>, 206 F.3d 725, 728 (7th Cir. 2000).

No party can be forced into arbitration unless it has agreed to go there.  AT&T Techs., Inc. v. Commc'ns Workers of Am., 475 U.S. 643, 648 (1986).  Whether a party has agreed to go to arbitration is a question of arbitrability.  Parties may, as a matter of contract, agree to arbitrate the question of arbitrability.  Whether they have so agreed, however, is a question for the Court, not an arbitrator, to decide.  The Court will not assume that a party has agreed to arbitrate arbitrability unless there is clear and unmistakable evidence that it did so.  Howsam v. Dean Witter Reynolds, Inc., 537 U.S. 79, 83-84 (2002); First Options of Chicago, Inc. v. Kaplan, 514 U.S. 938, 943-45 (1995); Sandvik AB v. Advent Int'l Corp., 220 F.3d 99 (3d Cir. 2000); PaineWebber Inc. v. Hartmann, 921 F.2d 507, 515 (3d Cir. 1990), overruled on other grounds by Howsam, 537 U.S. at 82-83.

AGK argues that the defendants have waived any objection to the jurisdiction of the arbitrators by not having moved to enjoin the arbitration at an earlier time.  That is not the law.  See First Options, 514 U.S. at 946-47.  Nor does the fact that the defendants appeared before the arbitrators to contest jurisdiction mean that they have waived any objection to arbitral jurisdiction.  Although they could have, the defendants were not required to refuse to participate in the arbitration and then defend against a petition brought by AGK to compel them to

-10-

arbitrate.  Id.; see also Kaplan v. First Options of Chicago,
Inc., 19 F.3d 1503, 1510-12 (3d Cir. 1994), aff'd, 514 U.S. 938
(1995).

         The defendants have not, to date, waived their right to
a judicial decision on whether ZTC and AMT can be compelled to
arbitrate.  In addition, to the extent that the defendants decide
to attend and await the conclusion of the arbitration
proceedings, they will not waive their right to a judicial
decision on jurisdiction merely by virtue of that decision.  See,
e.g., Kaplan, 19 F.3d at 1510-12.  The Court is not persuaded,
however, that the proper remedy is a decision on jurisdiction
from this Court at this time.

         AGK specifically asked the Court to make a decision on
jurisdiction in June 2008.  But for the defendants'
representations, the Court would have made such a determination
at that time.  Instead, the defendants specifically urged the
Court not to make such a determination because they had not
refused to go to arbitration.  The Court relied on that
representation and denied the plaintiff's motion to compel.  AGK
relied on that representation and filed an arbitration against
the defendants.

          The Court acknowledges that the defendants did not
state that they would not object to arbitral jurisdiction at some
later point.  Nevertheless, the Court fails to understand why, to

the extent that the defendants may have known that they would not consent to any form of jurisdiction, they urged the Court not to decide AGK's petition to compel arbitration.  The defendants were aware from the moment that the tribunal decided to bifurcate the arbitration into "jurisdiction" and "liability" phases that the tribunal might assert jurisdiction over them.  They raised no objection at that time.  Instead, they waited for the arbitrators to decide the issue of jurisdiction, and then sought to invoke the jurisdiction of this Court only after the arbitrators decided the issue against them.

The defendants are not entitled to have the plaintiff's lawsuit and arbitration proceed based on their preference and convenience at any given stage of the proceedings.  Nor would it be appropriate to allow a party to invoke or reject the jurisdiction of this Court at different stages of the litigation, where doing so might allow that party to derive an unfair advantage or to impose an unfair detriment on the opposing party. See Kaplan, 19 F.3d at 1511.[7]

---

[7] Although the procedural posture of this case is somewhat unique, the Court has not seen, and the defendants have not provided, any authority suggesting that now would be an appropriate time to review or vacate the tribunal's decision. To the contrary, the Supreme Court's decision in First Options suggests that, in some cases, the Court may properly decide the issue of arbitral jurisdiction after the end of the arbitration proceedings, and that the parties' consent to arbitration itself can provide a basis for confirming a final arbitral award.  See First Options, 514 U.S. at 947.

The defendants argue that, under the United States Court of Appeals for the Third Circuit's decision in PaineWebber, subjecting them to an arbitration to which they have not consented constitutes per se irreparable harm.  See PaineWebber, 921 F.2d at 515.  In that case, the Court of Appeals stated that "the harm to a party would be per se irreparable if a court were to abdicate its responsibility to determine the scope of an arbitrator's jurisdiction and, instead, were to compel the party, who has not agreed to do so, to submit to an arbitrator's own determination of his authority."  Id.  That is not, however, what the Court is doing here.  The defendants chose to litigate the question of arbitrability before the arbitrator.  Indeed, they argued that the Court should not decide that issue earlier.

In addition, the defendants in PaineWebber also argued that the plaintiff's request to stay the arbitration was barred by the doctrine of laches because it was unduly dilatory and caused them material prejudice.  The Court of Appeals rejected the defendants' argument because the record before it did not lead to the inference that any delay on the part of the plaintiff in requesting to stay the arbitration was undue or that the plaintiffs would be materially prejudiced.  See id. at 515 n.5 (citing Waddell v. Small Tube Prods., Inc., 799 F.2d 69 (3d Cir. 1986)).

-13-

The record in this case, however, leads the Court to the opposite conclusion - that a stay of the arbitration proceedings at this stage would be unduly dilatory and would materially prejudice AGK.  Accordingly, the Court concludes that now is not the proper time to decide the jurisdictional issue.

The Court acknowledges that what is practical and efficient is not the touchstone for a decision on arbitration. See First Options, 514 U.S. at 947.  Nevertheless, it certainly is more practical to allow the arbitration to proceed in this case.  The arbitrators may decide that the defendants are not liable.  In addition, even if liability on the part of the defendants is found, the amount of the verdict may be such that the defendants do not wish to challenge it in this Court.

The Court is also concerned that there may have to be substantial litigation in this Court before it can decide the jurisdictional issue.  To make the determination the defendants seek, the Court must receive and review the evidence relating to whether any basis exists for compelling AMT, ZTC, or Todd, as non-signatories to the contract, to arbitrate.  To the extent that additional discovery on those issues might be required, such discovery will need to take place.  The Court would further need to hear argument and to issue a decision on these issues.  Such a process would delay the resolution of this four-year-old dispute for several months.  Again, although the basic objective in the

arbitration context is not to resolve disputes in the quickest manner possible, the Court is nonetheless concerned that a stay of the arbitration proceedings at this stage would impose an unfair detriment on AGK.  The defendants' request to stay the arbitration proceedings is therefore denied.

Finally, in addition to requesting vacatur of the tribunal's jurisdictional decision, the defendants have moved to transfer this case to the Southern District of New York. According to the defendants, only that court can review a final arbitral award issued in New York City.  Specifically, they argue that sections 10 and 11 of the FAA require actions to vacate, modify, or correct an arbitral award to be brought in the district in which the award was made.

The Supreme Court has rejected such a restrictive interpretation of venue with regard to sections 10 and 11 of the FAA.  See Cortez Byrd Chips, Inc. v. Bill Harbert Constr. Co., 529 U.S. 193, 202-04 (2000).  The United States Court of Appeals for the Third Circuit has further confirmed that a court entering a stay to compel arbitration retains the ability to confirm, vacate, or modify the ultimate arbitration order.  See Docket No. 25 at 33 (citing Lloyd v. Hovensa, LLC, 369 F.3d 263, 270 (3d Cir. 2004)).  Accordingly, transfer would not be necessary, as the defendants claim it would be, to preserve the defendants' ability to later challenge the arbitral award, were this Court to

deny vacatur of the arbitral decision.  The defendants' request
to transfer the case is denied.

An appropriate Order shall issue separately.