UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

A.G.K. SARL

     Plaintiff,

v.                                                        Case No. 2:07-02727 MAM

A.M. TODD COMPANY, ZINK AND
TRIEST COMPANY, INC., HENRY
W. TODD JR.

     Defendants.

and

ZINK & TRIEST INTERNATIONAL, INC.

     Plaintiff,

v.                                                        Consolidated with SDNY Case No.
                                                          1:10-cv-04021-PAC
A.G.K. SARL,

     Defendant.



FILED
OCT - 7 2011
MICHAEL E. KUNZ, Clerk
By_____ Dep. Clerk

093011

## CONFIDENTIALITY AND NON-DISCLOSURE ORDER

For purposes of discussing potential settlement of all disputes between A.M. Todd Group, Inc., a Michigan corporation and its subsidiaries, affiliates and attorneys, and A.G.K. Sarl and its subsidiaries, affiliates and attorneys, the parties are considering disclosing certain information, including that relating to the proposed sale of A.M. Todd Group's business. The interests of justice will best be served through full and frank discussions between Recipient and the Sender. To enable such full and frank discussion, the Sender must disclose to Recipient certain confidential information, and Recipient must keep the confidential information gained as a result of such discussions strictly confidential, and such confidential information shall not be disclosed to other persons or entities except as provided specifically herein.

### NOW THEREFORE, THE COURT ORDERS AS FOLLOWS:

1. **DISCLOSURE OF CONFIDENTIAL INFORMATION TO RECIPIENTS.** Both the parties and non-parties (the "Sender") may disclose such confidential information as shall be reasonably

necessary to enable full and frank settlement discussions between the parties, and shall designate information subject to this Order by adding the word "CONFIDENTIAL" to the first page or to the cover or label of any electronic media containing the information (the *"Confidential Information"*).  The parties agree that Confidential Information does not include information that is publicly available, such as is contained in prior filings with the Eastern District of Pennsylvania.

2.    NON-DISCLOSURE BY RECIPIENTS.    Both the parties and non-parties (the "Recipient") shall hold the Confidential Information in the strictest confidence and not disclose such Confidential Information to any other persons or entities, either orally or in writing, unless Recipient shall have obtained the prior written consent of the Sender.  The parties agree that Recipient may disclose Confidential Information to such experts and advisors as Recipient may hire to advise Recipient on issues arising in the pending litigation, on the condition that Recipient require that such experts and advisors sign a statement indicating their adherence to the terms of this agreement.  Should any Recipient fail to comply with this Order, such Recipient shall indemnify and reimburse the Sender for all resulting damages and losses. Because disclosure of the Confidential Information to third parties or the use thereof by Recipient other than in connection with this lawsuit, or by third parties, would cause severe and irreparable damage to the Sender, the Sender shall be entitled to equitable relief including without limitation injunctive relief to restrain any violation of this Order without any requirement to post bond as a condition of such relief and to such other and further relief as a court of competent jurisdiction may deem proper under the circumstances.

3.    HANDLING OF CONFIDENTIAL INFORMATION.    Recipients shall not make any copies of the Confidential Information (whether in tangible, intangible or electronic format) except to the extent required in connection with its evaluation of the information produced or otherwise consented to in writing by the Sender.  Recipients shall not (a) reduce any of the Confidential Information provided by the Sender to electronic form unless the Confidential Information was provided in such form, (b) transmit any of the Confidential Information over the Internet unless the same is encrypted or transmitted over a secure connection, (c) use the Confidential Information for any commercial purpose or gain or for any non-commercial purpose other than the evaluation of the information produced.

4.    COMPELLED DISCLOSURE.    In the event that Recipient is requested in any proceeding to disclose any Confidential Information, the Recipient will give the Sender prompt notice of such request so that the Sender may seek an appropriate protective order.  If, in the absence of a protective order, a Recipient is nonetheless compelled to disclose Confidential Information, the Recipient may disclose such information without liability hereunder; provided, however, that the Recipient gives the Sender notice of the Confidential Information to be disclosed as far in advance of its disclosure as is practicable and uses the Recipient's best efforts to obtain assurances that confidential treatment will be accorded to such Confidential Information.

5.    COURT FILING.    A party filing a document containing confidential information with the Court in this litigation shall use sealed envelope(s) prominently marked with the case caption and the following notation:

2

"THIS ENVELOPE CONTAINS CONFIDENTIAL MATERIALS

TO BE OPENED ONLY AS DIRECTED BY THE COURT"

The Court Clerk is directed to maintain documents filed pursuant to this paragraph in a separate section of the Court file not available to the public.

6. USE IN COURT. Information designated as confidential may be used during any proceeding in this litigation and may be offered in evidence at a hearing or trial subject to the court rules and rules of evidence, but may not be used for any other purpose. A party seeking to use confidential information in a court proceeding shall give the Judge and the opposing party reasonable notice of its intent to use such information so that the Judge may determine the precise manner in which the confidential information is to be received in Court.

7. RETURN AT CONCLUSION. At the conclusion of this litigation, a party who has received tangible confidential information shall return it to the producing party. Upon request, counsel for the party that has received confidential information shall certify to the Court that any notes, memoranda, summaries, exhibits or other written or graphic materials prepared from the confidential information produced pursuant to this Order, have been returned or destroyed. Any Order dismissing a party or terminating this litigation shall contain a provision that this Order shall remain in full force and effect, and that the Court retains jurisdiction for purposes of enforcing this Order.

8. INVALIDITY AND WAIVER. The invalidity of any provision of this Order shall not affect the validity of the remainder of any such provision or the remaining provisions of this Order. The failure of the Sender at any time to require performance by Recipient of any provision of this Order shall not be deemed a continuing waiver of that provision or a waiver of any other provision of this Order and shall in no way affect the right to require full performance from Recipients at any time thereafter.

9. JURISDICTION; SERVICE OF PROCESS. The parties agree that any action or proceeding seeking to enforce any provision of, or based upon any right arising out of, this Order will be brought against either of the parties in the Eastern District of Pennsylvania, and each of the parties consents to the jurisdiction of such court (and of the appropriate appellate courts) in any such action or proceeding and waives any objection to venue laid therein. Process in any action or proceeding referred to in the preceding sentence may be served on any party anywhere in the world, by electronic mail to counsel of record.

DATED: OCT. 7, 2011          BY THE COURT:

_____
Mary A. McLaughlin, J.

Undersigned counsel hereby respectfully request and jointly move that the court enter this

Confidentiality and Non-Disclosure Order.


Date: 10/06/2011

Ben Whaley Le Clercq
Counsel for AGK




Date:

John Allen Esquire
Counsel for AM Todd Company, Inc.
Zink and Triest Company, Inc.
And Zink and Triest International, Inc.




Date:

Pamela C. Enslen, Esquire
Counsel for AM Todd Group, Inc.
Non-Party to this action

4

Undersigned counsel hereby respectfully request and jointly move that the court enter this

Confidentiality and Non-Disclosure Order.

Date: 10/06/2011

_____
Ben Whaley Le Clercq
Counsel for AGK

Date: 10/06/11

_____
John Allen Esquire
Counsel for AM Todd Company, Inc.
Zink and Triest Company, Inc.
And Zink and Triest International, Inc.

Date: 10/06/11

_____
Pamela C. Enslen, Esquire
Counsel for AM Todd Group, Inc.
Non-Party to this action

4